IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RUBEN ESCANO, § § Plaintiff, § § vs. § § MONITRONICS INTERNATIONAL, INC., a § Delaware Corporation, d/b/a BRINKS HOME § SECURITY; and JOHN DOE CALLER, § § Defendants. § | Civil Action No. _____ (removal from: Sixth Judicial District Court, Grant County, No. D-608-CV-2022-00275) |

### NOTICE OF REMOVAL

MONITRONICS INTERNATIONAL, INC., d/b/a Brinks Home Security ("Monitronics"), by and through the undersigned attorneys, Jennings Haug Keleher McLeod LLP (Cassandra R. Malone and Robert "R.J." Lamb) hereby files this Notice of Removal, pursuant to 28 U.S.C. § 1331, 1332, 1441, and 1446, removing this case to the United States District Court for the District of New Mexico, and respectfully avers as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff Ruben Escano ("Plaintiff") filed this action against Monitronics and another Defendant "John Doe Caller," on December 8, 2022, in an action styled No. D-608-CV-2022-00275 ("State Court Action"). A copy of Plaintiff's Complaint is attached as **Exhibit A**.

2. In accordance 28 U.S.C. § 1446 and D.N.M.LR-Civ. 81.1, all process, pleadings and orders from the State Court action are attached as **Exhibit B**.

3. In his Complaint, Plaintiff alleges that Defendants committed violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), related federal regulations setting forth miscellaneous rules relating to common carriers, 47 C.F.R. § 64.1200, the New Mexico Unfair Practices Act, NMSA 1978, § 57-12-22, and the common law claim of trespass to chattels. *See* Ex. A, ¶¶ 67-113.

1

EXHIBIT A

4.       There are two bases by which the State Court Action should be removed to this Court: (a) the action raises a federal question; and (b) there is diversity jurisdiction.

## **REMOVAL JURISDICTION UNDER 28 U.S.C. § 1331**

5.       First, a federal district court possesses original subject-matter jurisdiction over a case where the action raises a federal question arising from the Constitution, laws, or treatises of the United States.  *See* 28 U.S.C. § 1331.

6.       Plaintiff has asserted claims for alleged violations of the TPCA, which is a federal statute, and related federal regulations 47 C.F.R. § 64.1200.  *See* Ex. A ¶ 67-87.  It is undisputed that federal district courts have subject-matter jurisdiction to hear TCPA and federal regulations actions pursuant to 28 U.S.C. § 1331.  *See Mims v. Arrow Fin. Servs. LLC*, 565 U.S. 368, 378, 132 S. Ct. 740 (2012).  Accordingly, the State Court Action should be removed to this Court as it raises a federal question stemming from the TCPA and related federal regulations.

7.       Pursuant to 28 U.S.C. § 1367, this Court may exercise its supplemental jurisdiction over the claims alleged by Plaintiff under New Mexico State law as the claim forms a part of the same case or controversy as the claim arising under Federal law.  Further, the Court is to analyze Plaintiff's state law claims "together with [his] TCPA claims." *Escano v. Concord Auto Protect, Inc.,* CV 21-223 MV/CG, 2022 WL 1239968, at *3 (D.N.M. Apr. 27, 2022), *report and recommendation adopted*, 21-223 MV/CG, 2022 WL 2751719 (D.N.M. July 14, 2022) (citing *Mohon v. Agentra LLC*, 400 F. Supp. 1189, 1231-34, 1239 (D.N.M. 2019).

## **REMOVAL JURISDICTION UNDER 28 U.S.C. § 1441**

8.       Second, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

9. Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. Pursuant to 28 U.S.C. § 1441(b)(2), removal based on diversity of citizenship requires that no properly joined and served defendant be a citizen of the State in which the action is brought.

10. Plaintiff alleges that he is a resident of Silver City, New Mexico (Ex. A ¶ 6), which is a in Grant County, New Mexico, and Plaintiff has brought the State Court Action in the State of New Mexico.

11. Defendant Monitronics International, Inc. is incorporated in Delaware with its principal place of business in Texas. Defendant is not a citizen of the State of New Mexico. *See* New Mexico Secretary of State, Corporations and Business Services (Jan. 9, 2023), https://portal.sos.state.nm.us/BFS/online/CorporationBusinessSearch/CorporationBusinessInformation attached hereto as **Exhibit C**; *see also* Ex. A ¶ 7.

12. The citizenship of Defendant "John Doe Caller" need not be considered since the "citizenship of defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1).

13. Complete diversity of citizenship is present in this matter as Plaintiff is a New Mexico resident and Defendant Monitronics is incorporated in Delaware with its place of business in Texas. Accordingly, this case may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) and 1446.

14.     To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must also exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. § 1332(a).

15.     Defendant Monitronics must show a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014). As stated earlier, Plaintiff has brought claims for violations of the TCPA, related federal regulations, the New Mexico Unfair Practices Act, and the common law claim of trespass to chattels. In addition to actual damages arising from these claims, Plaintiff also seeks attorney fees and costs as well as exemplary, punitive, and treble damages. *See* Ex. A, Prayer for Relief.

16.     The TCPA provides $500 in statutory damages and $1,500 per willful violation. 47 U.S.C. § 227(b)(3); 47 U.S.C. § 227(c). Although disputed, Plaintiff asserts in his Complaint that he is entitled to damages for each violation of the TCPA committed by Defendants, as well as "trebled damages for each of the willful or knowing violations of the TCPA committed by Defendants." *See* Ex. A, Prayer for Relief, ¶ A. Though Plaintiff does not quantify the number of calls he allegedly received in violation of TCPA, he alleges that he received calls on thirteen different days, that he alleges are violations of the TCPA. *Id.* ¶¶ 54-66. He also asserts that "[d]uring the calls, Defendants violated at least seven distinct prohibitions, proscribed by the TCPA, at least 84 times, specifically: 47 U.S.C. § 227(b)(1)(A)(iii), § 227 (b)(1)(B), § 227(b)(1)(D), 47 C.F.R. § 64.1200(a)(7)(i), § 64.1200(c)(2), § 64.1200(d)(1)-(2), and § 64.1200(d)(4)." *Id.* ¶ 21. Further, Plaintiff sets forth seven counts against Defendants, based on the TCPA or related federal regulations: (Count I) Violations of 47 U.S.C. § 227(b)(1)(A)(iii); (Count II) Violations of 47 U.S.C. § 227(b)(1)(B); (Count III) Violations of 47 U.S.C.

§ 227(b)(1)(D); (Count IV) Violations of 47 C.F.R. § 64.1200(a)(7)(i); (Count V) Violations of 47 C.F.R. § 64.1200(c)(2); (Count VI) Violations of 47 C.F.R. § 64.1200(d)(1)-(2); (Count VII) Violations of 47 C.F.R. § 64.1200(d)(4). *Id*. ¶¶ 67-87. Based on Plaintiff's allegations and counts, it is reasonable to assume that Plaintiff seeks damages for tens of thousands of dollars just on his TCPA and related federal regulation claims alone.

17.  Plaintiff also seeks damages and punitive damages for alleged violations of New Mexico Unfair Practices Act, asserting four counts: (Count VIII) Violations of NMSA 1978, § 57-12-22(A); (Count IX) Violations of NMSA 1978, § 57-12-22(B)(1); (Count X) Violations of NMSA 1978, § 57-12-22(B)(7); (Count XI) NMSA 1978, § 57-12-22(C)(1); and (Count XII) Violations of NMSA 1978, § 57-12-22(C)(2). Ex. A. ¶¶ 88-104. Potential damages for violations of the New Mexico Unfair Practices Act as well as Plaintiff's attorneys' fees and costs are also likely to add up to tens of thousands of dollars, in addition to thousands of dollars for pre-judgment interest.

18.  Lastly, Plaintiff seeks damages for the common law claim of trespass to chattels, including actual damages and "exemplary and punitive damages sufficient to punish Defendants for their attempts to avoid legal reproach." Ex. A, Prayer for Relief, ¶ F.  It is reasonable to believe that Plaintiff's alleged exemplary and punitive damages will exceed $75,000.00 on their own.

19.  Based on the myriad claims asserted and potential damages and costs sought by Plaintiff, it is plausible, and likely, that the amount of controversy exceeds $75,000.00.

20.  Consequently, all parties to this action are completely diverse in citizenship and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Accordingly, the State Court Action should be removed to this Court on the basis of diversity jurisdiction as well.

**TIMELY REMOVAL AND PROPER DISTRICT**

21. Summons was issued in the State Court Action on December 8, 2022, and Defendant Monitronics International, Inc. was served through its registered agent, after December 9, 2022. Less than thirty days have passed since Defendant was served with a copy of the initial pleadings on this matter. Therefore, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

22. The District of New Mexico is the proper district for removal because this District encompasses Grant County and is therefore "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

23. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing Notice of Removal in the State Court Action. Defendant will file an answer in this Court pursuant to the Federal Rules of Civil Procedure.

24. Pursuant to the Administrative Procedures Manual for the United States District Court for the District of New Mexico 9(d)(3), the Civil Cover Sheet is attached as **Exhibit D**.

WHEREFORE, Defendant Monitronics respectfully requests that Cause No. No. D-608-CV-2022-00275 be removed from the Sixth Judicial District Court, County of Grants, State of New Mexico, to the United States District Court for the District of New Mexico.

Dated: January 9, 2023

Respectfully submitted,

By */s/ Cassandra R. Malone*
Cassandra R. Malone
Robert "R.J." Lamb
JENNINGS HAUG KELEHER MCLEOD LLP
201 3rd Street, NW, Suite 1200
Albuquerque, NM 87102
(505) 346-4646
(505) 346-1370 Facsimile
crm@jhkmlaw.com; rjl@jhkmlaw.com
*Attorneys for Defendant Monitronics International, Inc.*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of January, 2023, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. I further caused a copy of the foregoing to be mailed and e-mailed to Plaintiff, at the following address:

Ruban Escano, *pro se*
2311 Ranch Club Road
Suite #2-180
Silver City, NM 88061
(201) 527-8938
rubenescano@gmail.com

*/s/ Cassandra R. Malone*
Cassandra R. Malone